We'll call our third case of this morning, number 13-3620 Henry Lopez and Mr. Sommer and Mr. Vandermark. Good morning, your honors. My name is Henry Sommer. I represent Jose Lopez, who is the appellant and the debtor in the bankruptcy below. Welcome. I'd like to reserve two minutes. That's fine. First question, I just, I couldn't find it anywhere. Mr. Lopez was involved in seven criminal proceedings. How many criminal convictions or guilty pleas or no contender pleas were there in any of those seven criminal proceedings? I don't know the exact number, your honor. There was at least one conviction. I don't think there were any guilty pleas or no contender, but I'm not sure. I'm sorry, conviction or he pleaded guilty or no contender. So you're saying there was at least one conviction. There was at least one conviction, yes. How many of the 15 items that are under dispute here, costs or fees, et cetera, relate to that one conviction? I think that all of them were assessed, parts of all of them were assessed in relation to that conviction. In other words, I think In the judgment of sentence? Well, they Read what, tell us what Kelly says. Kelly says that under 523A7, one cannot discharge a condition of a criminal sentence. And our position is that this is not even a part of the criminal sentence under Pennsylvania law, because Pennsylvania Supreme Court has said that. As part of a criminal sentence. Yes, and this is not a part of a criminal sentence. How do we know that? Well, the Pennsylvania Supreme Court and the nicely It seems to me you have 15 items and you and your friend across the aisle seem to say the issue before us is whether they arise from criminal proceedings. Well, that is very, very broad. But that's not what Kelly says. Kelly is very specific. And we don't know because we don't have. I couldn't have told you whether there's one conviction or seven. I don't know what the judgments of sentence said. So Judge Ambrose's question was, in my view, very apt. How do we know whether any of these things were part of the judgment of sentence, as opposed to related in some way to criminal proceedings? The answer to that is in the nicely case of the Pennsylvania Supreme Court, which says that it is not a part of the sentence. They use the words incident to the judgment, but not a part of the sentence. All 15 of these items? All costs is what Pennsylvania Supreme Court said in nicely. So even collection costs later, you know, or later on? I mean, collection costs would be subsequent to any criminal proceeding. That's right. Yes. So that's, I mean. Well, they are. I mean, I'm not sure what the Pennsylvania Supreme Court said it meant exactly, incident. They meant having something to do with it. We don't. And we don't know what happened here. All we know is that you and your friend across the aisle agreed that these 15 items were related, in some way, to a criminal proceeding. Yes. And the record below shows that they are automatically assessed in criminal proceedings, even when there is no sentence, even when someone is not sentenced and not found guilty. What we don't know is the actual sentence itself. Did it reference any of these 15 items as a condition of the sentence? My understanding, and I think the record does not say otherwise, that it does not. The record states that these are just automatically imposed. The statute says that even if the judge says nothing, they're automatically imposed. They're mandatory. They are not part of sentencing discretion in Pennsylvania. The court has no discretion other than based on ability to pay, but not in terms of the judging of what is an appropriate punishment. They are not for that purpose. They are for the purpose of raising revenues, just like many other fees are. Let me give you, just to start off, just take one of the 15. I note that there are three items of court costs. There are sort of one, two, three, four funding requirements or funding assessments, and then there's about seven or eight different types of fees. But let's go to the court costs. You've got multiple sections under the Pennsylvania law to impose court costs, and I'm unsure which one was applied. For example, 9721C1 deals strictly with criminal sentencing. But then the question for us comes back to the point that Judge Berry made. Well, was this assessed as part of that at least one conviction at sentencing? I guess it was, but I don't know. And where we're all heading is doesn't this really just call for a remand so we get more facts? Well, if the court thinks that's appropriate, we can do that. I'm not sure that there is more to develop, but I can't tell you for sure. We don't even have the criminal sentence, the judgment. I keep going back to Kelly because with all due respect and nicely, Kelly, I think, controls this matter. And the one you think there was one criminal sentence, but you're not even sure. Well, there was at least one conviction, yes. But Kelly specifically says criminal sentence. Yes. But we don't have that. We don't have the judgment. Well, you know, Kelly does control, say, criminal sentence. And it looks to state law, in that case it looked to Connecticut law, to determine whether the criminal restitution in that case was part of the sentence. You have some of the items, the 15 items, and you invoke state law, may be imposed under that particular case. May be. Or that particular Pennsylvania statutory section. So we don't even know whether they were imposed, even if addressed by state law. We don't know what was imposed here. Well, the cost is part of the sentence. As part of the sentence. As part of the sentence. And our position is that none of them were imposed as part of the sentence because I just read you one that would be mandatory as part of the sentence. Well. Under 9721C1. Now, if you have a court cost under 11.1101A1 or A2, well, one could be. One perhaps isn't. It's under 17251B. It says for costs in every criminal case. It doesn't say every criminal conviction in sentencing. So there's so much here I don't know. Well, in filing fees and debt collection fees, as a matter of common sense, would not be imposed as part of a criminal sentence, I don't think. Well, my understanding is that they are imposed, as I said, mandatorily, automatically. Debt collection fees? Well, debt collection fees are imposed later. Yeah, that's what I'm saying. They are imposed later. It's not part of a criminal sentence. Right. They are definitely not part of the sentence. They are a consequence of not paying. If we follow Thompson, you need to have a conviction or its equivalent and then something assessed as part of a sentencing pertaining to that conviction or its equivalent. And I guess we're saying it over and over again. There may be a very good argument. We just don't have all the facts. Well, I certainly cannot supply any facts that aren't in the record. So if the court thinks it should be remanded, I will just point out, though, that it is not a condition of probation, which is considered part of the sentence in Kelly. It was not a condition of probation in the sense that this debtor and, in fact, hundreds of thousands of people in Philadelphia have not paid these costs and they have not been brought in for violation of probation. Their probation has ended. So in the panoply of punishment of having a penal purpose, these costs and fees do not have the penal purpose that Kelly said was the touchstone, really, of what the court should look at. I mean, we get back to the language of the Bankruptcy Code at some point, which says penalty. There's no dispute this is not a forfeiture and that this is not a fine. So the question is, is it a penalty? And as this court, even in a footnote, suggested in the NOM case, costs are for a pecuniary purpose, and NOM case… Although Thompson takes a very different view than NOM does. You're talking about the Third Circuit Thompson case as opposed to… No, no, I'm talking about the Fourth Circuit. Oh, the Fourth Circuit Thompson case. Well, the Fourth Circuit Thompson case took the view that under state law, and it looked to state law, that the costs could be a condition of probation. They were within the discretion of the court, unlike the mandatory costs here, and they could be satisfied by community service, all of which bring them much more into the punishment and sentencing of the offender, as opposed to the costs here, which are, as I said, mandatory, not part of the punishment, not a condition of probation that you can violate probation if you don't pay them. The costs here are imposed not just on people who are convicted. All of these costs are imposed on people who are never convicted and never sentenced. Some of them are imposed in civil cases. Some of them are imposed for filing a deed or filing a mortgage. All of those things indicate that these have a pecuniary purpose and do not have the penal purpose which Kelly found was, I think, inherent in the word penalty in Section 523A7. Go ahead. It seems the truth may be somewhere in the middle that some of them may and some of them may not, these 15 items. Well, one could parse through each of them and see when they were imposed. For example, let's say, since we don't know, but we can assume for the moment, let's say six of the proceedings resulted in Mr. Lopez going to a diversionary program, and the diversionary program would be, I'm not sure if it involves a plea that I'm guilty or not guilty, but assume for the moment, I guess, that a diversionary program is, there's no plea involved. It just goes to the program. Well, okay, then you've got a good argument that there's no conviction or it's equivalent, and you've got a good argument that there's clearly not part of the sentencing. If, however, on the other hand, the court in the one case where you said that there is a conviction or it's equivalent says, as part of the sentencing, you, Mr. Lopez, are going to be assessed these 15 items, then you lose. Well, I would respectfully disagree. I'm not saying I know the facts. All right. Well, first of all, I'm not, and one could remand and try and figure this out, but I'm not sure that the Court of Common Pleas Accounting, unless one just assumes a FIFO or some first in, first out or something like that, whether they're going to tell us which costs, and he's paid some of this, which remain outstanding. But beyond that, I would disagree that just that language in Kelly,  is dispositive because I think the court does have to look to state law to determine whether it's part of a sentence. But what you said on page 50 is what you quoted, we hold that if there is a conviction and something is put in as part of the sentence for that conviction, then it's not discharging. Well, I would just say the language is a condition of a sentence. A condition of a sentence, right. Which perhaps implies something that you have to do, and if you don't do it, you will be further punished. That's why restitution came up in that particular case. That's right. And that's why it was a little bit different in Rasheed, for example. But that's why costs are different, too, because they are not a condition of probation the way the restitution was in Kelly. You may be right. I just don't have enough solid ground to know on the facts which applies to which, because it looks like a lot of these you're going to have to look at them one by one, unfortunately. Well, I see my red light is on. Thank you. Thank you very much. We'll get Mr. Vandermark. Good morning. May it please the Court, my name is James Vandermark, and I represent the First Judicial District of the Commonwealth of Pennsylvania and David Wasson III. Do you know of these seven proceedings, which of those resulted in a conviction or its equivalent? I believe in this matter the debtor admitted in their initial complaint that all seven were convictions. That's what the district court relied on in paragraph six of its opinion to determine that they were convictions. Mr. Summers says he doesn't think that's the case, but I don't. Is there anything in the record that supports your view? I mean, the district court's opinion cites to the complaint, particularly those paragraphs seven and eight to say that the ---- I don't even think we have the complaint. We have no record before us. This is a very, very sparse record. I agree. There's very limited facts for the court to consider in making its determination in this matter. I don't believe that issue was raised on appeal before this court, the determination by the district court, that the debtor admitted in its complaint that there were seven convictions and the court costs were all part of those judgments. And the court what? The district court went on to say that the debtor also admitted that the costs at issue were part of the judgments entered by the state court. Well, if that's true, then you win. Where are the judgments? I agree, Your Honor. Where are the judgments? Well, did the district? Well, I believe what the district court said. Did the district judge? Well, as I ---- we were trying to find them on fancy machinery and through this ---- in this mechanized world. There's no ---- we can't get them on the wires, whatever the word is. Did the district judge actually have the judgments because they're not in the district court record? No, Your Honor, it did not. It relied simply on the complaint filed by the debtor. The fact that we're told, even though we don't have the complaint either to check, that he said they're all judgments, that's it. I'm just reading from the Judge Goldberg's order. It says that, one, Jose Antonio Lopez is appealing the final order of the Honorable Stephen Rislevich, then Chief Judge of the United States Bankruptcy Court for the District of Pennsylvania. The debtor argues that the bankruptcy court erroneously found the court costs assessed against the debtor as a result of state court criminal proceedings were accepted from discharge under Chapter 11. Proceedings. Proceedings. And as it goes on, it says the facts are undisputed as part of the Chapter 7 bankruptcy proceeding. Debtor filed a complaint seeking a determination of the dischargeability of certain debts. The debts at issue were costs that arose from seven criminal proceedings, not convictions, proceedings. I know what your argument is, that if they're involved or in connection with or arise from a proceeding, but that goes significantly further than Kelly v. Robinson went. Well, I think what I was referring to was a later determination by the district court in Paragraph 6 of that opinion. Okay. Debtor argues that the costs are not penalty because they were imposed mandatorily, not based on state court sentencing judges' discretion, and therefore do not serve any penal purpose, rehabilitation, or just punishment. I'm not sure that. It would be the last sentence of that paragraph, Your Honor. Here the debtor admits the court costs were imposed as part of the judgment entered by the state court. Is it for the civil case? For the criminal case? Well, I mean, in the stipulation that was entered by the parties, they were all criminal cases. There's no dispute that these are all criminal matters. Is there a stipulation in the record? The stipulation before us, you mean? Are you talking about that stipulation? The stipulation that was submitted to the bankruptcy court. I believe it's the only stipulation in this matter, Your Honor. And did it say the same as ours, something about related to arising from criminal proceedings? The wording in the stipulation is different than the complaint filed by the debtor or the district court's determination on that issue. Is the complaint in the record? I don't believe the complaint is in the record, Your Honor. And so I can't refer, I don't have paragraph 7 and 8 of that complaint to refer to, do I? No, Your Honor. I mean, again, I don't believe that this issue is on appeal. It's simply a matter of, I mean, the first time this was raised was in the reply brief to the brief filed by the first judicial district. So it would be our contention that that holding is what the courts to consider. So even though we have none, zero before us of any compliance with Kelly, we have to take it on faith that there was. Well, I don't believe that that issue is on appeal to this court to consider. That's what I'm saying. So even though we have absolutely no way to even check, we can't even check this issue. We can't even check. I understand the concern the court has. And you're saying that it's not been raised? Well, I'm saying it hasn't been raised in this proceeding. The district court made that determination based on the complaint that it had. How could it not be raised? I mean, the issue here is not so much this case of $1,300 and some dollars in the aggregate. It relates to a panoply of other cases throughout this circuit. And so Mr. Sommer notes spot on what the holding is in Kelly that you have to have a conviction and a condition imposed as part of the sentence for that conviction. Neither of you have made any effort to show us that it either was or wasn't. It wasn't a conviction? Wasn't imposed as part of a criminal sentence. Any of these 15 items, were they imposed as part of a sentence condition with respect to a conviction or its equivalent? I understand the concern with that as well. I think, I mean, obviously the First District relies on the decision of the district court as well as the stipulation entered by the parties. There is some conflict there because obviously the parties stipulated that. Which stipulation again? The one in the district court? The one at the bankruptcy court. We don't have that either. Is that in the record? That should be in the record. That's the only stipulation between the parties that both the district court gave us in the record. When you talk about the stipulation here, that's the one in the bankruptcy court. Do you have a cite to that in the record? I do not have that available, Your Honor. All right. Well, at this point, what is your view as to we suggested to Mr. Sumner that we remand this for the purpose of discerning, you know, what proceedings resulted in a conviction and what fees, assessments, et cetera, were a condition to the sentencing for that conviction if there was one? I mean, I think our initial position is that the district court already decided that. Understanding that there's no facts to sort of support that. Just think practically here. You live to fight another day. I don't think there's any issue with it being remanded. If that would sort of help the issue finally be determined. I mean, I think we already are aware of sort of the underlying facts to some degree, and if it helps to have that in the record, the first district wouldn't be opposed to that. Just so our problem, it seems to us when you read Kelly that it was trying to do something that was, you don't have to get involved in the law a whole lot, court. All you have to do is look at the facts. Conviction and did the judge as part of the sentencing assess these particular items relating to that conviction? If so, get out of Dodge. It's a federalism concern, and it's easy for you. Don't make it hard. And that's what we're trying to suggest here. I think then perhaps remanding it would be helpful to make that determination. All right. Thank you. Thank you. Anything further, Mr. Sumner, you want to say? I just wanted to point out that because this case was in forma paupers, it's proceeding on the original record, and so although it's not in the appendix, I believe the original record was designated, and these documents are before this court. I didn't understand what you just said. You said it's not in the record, but it's before the court? Well, no, it is in the record. The record before us? It's not in the appendix because the – I'm not sure it's in the record before us. It's not in the district. Well, my understanding is that the in forma paupers rule provides that an indigent can proceed on the original record without a full appendix, and that my understanding was that the record that was before the district court, which included the complaint and other documents, was forwarded to this court. I assume just one copy of it. In any case, to the extent that the complaint said something, it said that the plaintiff was convicted in November, and in December the court entered a civil judgment against the debtor stemming from the convictions, which included the fines, restitutions, and court costs. That makes it even murkier then.  To me, at least, this is a fascinating case, but I can't get there from here. And so the suggestion is that we would – Well, we would certainly accept the remand and try and see if we can find answers to the court's questions. Okay. Thank you very much.  Thank you, Your Honor.